IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ADAN BARAJAS BEDAL,<br><br>Defendant. | CR 20–02–M–DWM–02<br><br>ORDER |

On October 17, 2022, Defendant Adan Barajas Bedal filed a motion to reduce his 70-month federal drug sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. 135; *see* Doc. 122.) His projected release date is December 26, 2024. *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed Jan. 5, 2023). On October 19, 2022, counsel was appointed to represent Bedal. (Doc. 136.) Appointed counsel filed an amended motion on December 18, 2022. (Doc. 138.) The government opposes. (Doc. 141.) For the reasons stated below, Bedal's motion is denied.

## ANALYSIS

The First Step Act gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons and the reduction: (1) is consistent with the applicable policy statements of the Sentencing Commission, (2) takes into consideration the sentencing factors of

1

18 U.S.C. § 3553(a), and (3) is warranted by "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam). Because the Sentencing Guidelines have not been updated since the First Step Act was passed, "the Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam). Thus, this Court's decision turns on whether the defendant has presented extraordinary and compelling reasons for a reduction and whether that reduction comports with the objectives of § 3553(a). *See Keller*, 2 F.4th at 1284.

Here, Bedal argues that his health condition, coupled with COVID-19 risk factors, present compelling and extraordinary circumstances. (*See* Docs. 139, 142.) While he is likely correct, a sentence reduction would not be consistent with the § 3553(a) factors.

I. **Exhaustion of Administrative Remedies**

A defendant may only file a motion for compassionate release with the district court once he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Bedal filed a request for relief with the warden at his facility on November 16,

2021, and it was denied on November 30, 2021. (*See* Docs. 139-1, 139-2.) Bedal has therefore exhausted his administrative remedies as required by statute.

## II. Extraordinary and Compelling Reasons

While the First Step Act does not define "extraordinary and compelling reasons," the Sentencing Commission's nonbinding policy statements provide informative and illustrative examples of such reasons, including a "serious physical or medical condition" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG §1B1.13(1)(A)(ii), app. n. 1(A)(ii).

Bedal is 42 years old. (*See* PSR at 3.) Bedal has been diagnosed with high blood pressure, PTSD, and anxiety. (*See* Doc. 140 at 26, 76.) He has a BMI of 57, which is considered medically obese. (*See id.* at 6.) Although obesity alone is not generally considered an extraordinary and compelling circumstance, *see United States v. Lomeli*, 2022 WL 16752979, at *3 (S.D. Cal. Nov. 7, 2022) (collecting cases), Bedal also suffers from a severe umbilical hernia, (*see* Doc. 140 at 2). Bedal's hernia did not require immediate attention prior to his sentencing in 2020, (*see* PSR ¶ 64), but his condition has worsened and, as of July 2022, Prison medical personnel have recommended that he lose a significant amount of weight and undergo surgery, (*see* Doc. 140 at 2, 24). The pain associated with his hernia has also increased. (*See, e.g., id.* at 29 (June 14, 2022 visit).) Bedal's hernia

3

therefore qualifies as a serious medical condition.

Many district courts have found that defendants can also show extraordinary and compelling reasons if they show: "(1) their health conditions put them at increased risk of severe COVID-19 symptoms and (2) they are at risk of infection." *United States v. Stone*, 2022 WL 2483755, at *2 (E.D. Cal. July 6, 2022) (collecting cases). This calculus can shift if a defendant is vaccinated, although a defendant may then "offer[] evidence of an elevated personal risk of severe harm despite the protections of vaccination." *Id.* Here, although Bedal is vaccinated against COVID-19, (Doc. 140 at 77; Doc. 140-1 at 74, 78), his hernia, high blood pressure, and obesity each place him at greater risk of developing severe illness should he contract COVID-19 despite his full vaccination, *see* Centers for Disease Control, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Dec. 6, 2022, and accessed Jan. 4, 2023) ("A person's risk of severe illness from COVID-19 increases as the number of underlying medical conditions they have increases."). Specifically, "[t]he risk of severe illness from COVID-19 increases sharply with higher BMI." *Id.* And, even though Bedal is only 42, both his age and his Hispanic ethnicity place him in a higher risk group for COVID-19. *See id.* While FCI Lompoc—the facility where Bedal is housed—does not currently have any active COVID-19 cases, *see* BOP

4

COVID-19, https://www.bop.gov/coronavirus (accessed Jan. 4, 2023), it had thirteen cases in early December 2022, (Doc. 139 at 11). Moreover, BOP records indicate three inmates have died and almost 500 inmates and staff members have "recovered" from the virus at this facility. *See* BOP COVID-19, https://www.bop.gov/coronavirus (accessed Jan. 4, 2023).

Accordingly, in combination, Bedal's medical conditions constitute an extraordinary and compelling reason for his release.

### III. Section 3553(a) Factors

Nevertheless, demonstrating an extraordinary and compelling reason to reduce a sentence meets only one element of § 3582(c)(1)(A). To determine whether relief is appropriate, a court must also consider the federal sentencing objectives set forth in 18 U.S.C. § 3553(a). Pertinent factors include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id.* § 3553(a)(4), (6).

Bedal was involved in distributing drugs in the Kalispell area, (*see* PSR ¶¶ 12–14, 25–28), and during his arrest, investigators found approximately three pounds of methamphetamine in two stuffed animals in his possession, (*see id.* ¶¶ 20–23). Investigators also found a firearm in Bedal's hotel room. (*Id.* ¶ 19.) Based on this conduct, his advisory guideline range was 168 to 210 months. Yet despite his possession of a firearm and a significant amount of methamphetamine, Bedal received a sentence of 70 months. His existing sentence therefore already reflects a favorable consideration of his criminal history, his willingness to pursue treatment, and his health concerns. Put simply, Bedal's sentence was the lowest the Court could justify in light of his conduct. Reducing Bedal's sentence to the approximately 37 months he has served to date would denigrate the seriousness of his crimes and undermine respect for the law. *See* 18 U.S.C. § 3553(a)(2)(A)–(C).

## CONCLUSION

Accordingly, IT IS ORDERED that Bedal's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Docs. 135, 138) is DENIED.

DATED this 5th day of January, 2023.

Donald W. Molloy, District Judge
United States District Court